**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**THOMAS J. GRECO, JR.,**
       **Petitioner,**

v.　　　　　　　　　　　　　　　　　　　　　　Civil Action No. 3:18-CV-78
　　　　　　　　　　　　　　　　　　　　　　　　(GROH)

**MR. DEWAYNE HENDRIX, Warden,**
       **Respondent.**

## REPORT AND RECOMMENDATION

### I.　　INTRODUCTION

On May 18, 2018, the *pro se* petitioner filed a Petition pursuant to 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody.  ECF No. 1.  At the time this matter was filed, Petitioner was a federal inmate housed at Morgantown Federal Correctional Institution in Morgantown, West Virginia.  Petitioner sought relief from this Court alleging that he[1] was denied appropriate referral to the Residential Reentry Centers.  ECF No. 1-1 at 1.  On October 15, 2018, Respondent filed a motion to dismiss, or, in the alternative for summary judgment, memorandum of law and various exhibits in support thereof.  ECF Nos. 13, 13-1 through 13-5.  A Roseboro notice was issued by the Court on October 16, 2018, and service of the same was accepted on October 18, 2018.  ECF Nos. 14, 15.  Petitioner did not file a response to Respondent's motion.

---

[1] Although Petitioner argued that he <u>and other inmates</u> were entitled to relief, Petitioner only requested the Court to "issue an order to the FBOP obligating the Residential Re-Entry Manager [ ] to amend the Residential Re-Entry Center Time for the Petitioner to 6 months or more in accordance with the Second Chance Act."  ECF No. 1-1 at 4 – 5.  Accordingly, the Court addresses the claims in the instant petition only as to Petitioner, not as to any "other inmate" who may be referenced in the petition or accompanying memorandum of law.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Part 2.

## II.  PROCEDURAL HISTORY

### A.  Petitioners' Conviction and Sentence[2]

On June 8, 2010, in the Northern District of Ohio, Petitioner was convicted following a jury trial of all counts of the superseding indictment which charged him with: in Count 1, conspiracy to commit bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 371; in Counts 2 through 6, bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(B) and (2); in Counts 7 and 8, Hobbs Act conspiracy, extortion under color of official right, in violation of 18 U.S.C. § 1951; in Counts 9 through 12, making and subscribing false tax returns, in violation of 26 U.S.C. § 7206(1); and in Count 13, with conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341, 1349.  ECF Nos. 25, 64.  On February 9, 2011, Petitioner was sentenced[3] to an aggregate sentence of 112 months of incarceration.  ECF No. 132 at 3.

### B.  Petitioner's Direct Appeal

On February 26, 2011, Petitioner filed a notice of intent to appeal his criminal conviction in the Court of Appeals for the Sixth Circuit, in that Court's docket number 11-

---

[2] The facts are taken from Petitioner's criminal case, docket number 1:14-CR-1716 in the Northern District of Ohio, available on PACER.  Unless otherwise noted, the ECF entries in sections II.A. and II.B. refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] An amended judgment was entered on July 26, 2011, however, the amended judgment addressed fines and restitution, and did not modify Petitioner's term of incarceration.  ECF No. 179.

3217.  ECF No. 134.  On August 20, 2013, the Sixth Circuit affirmed Petitioner's conviction and sentence.  ECF No. 224.

### III.  LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### IV.  ANALYSIS

The Petitioner, federal inmate number 32500-160, filed a habeas corpus claim pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 2241(c)(1), "The writ of habeas corpus shall not extend to a prisoner unless—(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." According to the Bureau of Prisons' Inmate Locator service, Petitioner was released from custody on May 22, 2019.  https://www.bop.gov/inmateloc/.

This Court lacks jurisdiction because Petitioner is no longer in custody of the United States.  In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 - 95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all

in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." See also Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). Because this court lacks jurisdiction, this court cannot entertain the petition.

## V.   RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 petition [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that Respondent's motion to dismiss, or, in the alternative, for summary judgment [ECF No. 13] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

Because the Petitioner's address on the docket is still listed as FCI Morgantown, the Clerk of the Court is DIRECTED to retain a copy of this Order for Petitioner in the event that he provides a mailing address at some future date. The Clerk is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: May 24, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE